UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KEITH EARL GODWIN (#1090811),

                Petitioner,

v.                                                  Civil Action No.: 2:13cv410

HAROLD W. CLARKE, Director

                Respondent.

## REPORT AND RECOMMENDATION

In this, his fifth federal habeas filing, Petitioner, Keith Earl Godwin, challenges his 1986 conviction and sentence for two robberies and related firearms charges. Godwin is presently serving a 31-year sentence resulting from his convictions. As a result of more recent proceedings Godwin filed in Chesapeake Circuit Court, as well as a later state habeas filing, the Court directed Respondent to file a response to the petition to ensure that Godwin's claims had been fully addressed. Respondent filed a Rule 5 Answer and Motion to Dismiss asserting that Godwin's claims were successive, procedurally defaulted and without merit. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(k), Godwin was advised of his right to file opposing affidavits, statements, exhibits and legal memoranda, as well as the possible consequences of failing to oppose Respondent's filings. Godwin then filed a 56-page response (ECF No. 17), as well as a Motion for Leave to Amend his petition (ECF No. 18), both of which the Court has considered in connection with its review.

After reviewing all of Godwin's pleadings, as well as his history of his prior habeas claims, this Report concludes that Godwin's present petition for habeas relief is successive, and it does not appear that he has received permission from the Fourth Circuit to file another petition. Moreover, to the extent the Petition asserts new claims, they rest primarily on the state court's application of state law, and thus would not state a claim for habeas relief in this Court. Finally, to the extent Godwin's claims would be cognizable here, the state court's resolution of those claims on adequate and independent procedural grounds bars federal review. Accordingly, the Report recommends Godwin's petition be DENIED and DISMISSED with prejudice.

## I. ANALYSIS

### A. Godwin's claims are successive and he has not received permission to file from the Fourth Circuit.

Godwin has filed a total of four previous federal habeas petitions in this Court (Nos. 2:96cv467; 2:96cv865; 2:10cv491; and 2:12cv348). All of these petitions argued he was being detained in violation of the Constitution and laws of the United States. His two most recent petitions arose, in part, from a motion he filed in Chesapeake Circuit Court alleging his sentence was illegal as a result of the Commonwealth's alleged inability to produce a Sentencing Order. (Nos. 2:10cv491 and 2:12cv348). These two petitions were dismissed on procedural grounds, and as a result, would not necessarily preclude a new filing which was otherwise permitted. The Commonwealth has produced evidence of its prior sentencing orders (ECF No. 10-1), which Godwin attacks on other grounds. But it is clear his petition is, in fact, directed at his underlying convictions reflected in those orders and not to any more recent procedural denial which would not affect the legality of his confinement on the 1986 charges in any event. Accordingly, his petition is successive.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate <u>court of appeals</u> for an order authorizing the district court to consider the application" (emphasis added). This court has not received an order from the Court of Appeals for the Fourth Circuit authorizing the consideration of Petitioner's application for a writ of habeas corpus, nor does it appear from the 2013 Petition that Petitioner has moved for such an order.

Because Godwin has not requested or received permission from the Court of Appeals for the Fourth Circuit to file a successive petition, this court is precluded from considering Petitioner's application for a writ of habeas corpus. <u>Evans v. Smith</u>, 220 F.3d 306, 324-25 (4th Cir. 2000).

**B.    Godwin's claims in this petition primarily address matters not cognizable on federal habeas review.**

Although difficult to interpret, it appears Godwin's present habeas petition primarily attacks alleged procedural errors in the Virginia Supreme Court's resolution of his most recent state habeas petition. Godwin filed for state habeas relief most recently in 2012. His state petition challenged the legality of his detention on the basis that he was never prosecuted in the City of Chesapeake for the robbery and firearm offenses underlying his detention. This claim arose in part from Godwin's more recent filing, styled a "Motion to Correct Unlawful Sentence." In that motion filed in 2009, Godwin claimed that the trial court was unable to produce any record of his conviction and as a result, he was being illegally detained. As explained above, the Government has provided records of his sentencing orders. Moreover, as the Respondent notes, Godwin made substantive challenges to his convictions in his original state and federal habeas filings which significantly undermine his claim never to have been prosecuted and sentenced.

(ECF Nos. 10-3, 10-7). Nevertheless, the Court has reviewed the claims in this petition and those in his 2012 state filings.

Although styled in six different claims, Godwin's 2012 state petition essentially presented the same issue to the Supreme Court of Virginia, namely that the trial court's initial inability to produce a record of his conviction mandated his release. The Supreme Court dismissed Godwin's petition on December 18, 2012. (ECF No. 10-13). The Court held that the claims were either not cognizable on habeas review or procedurally barred under the provisions of § 8.01-654 of the Code of Virginia. (ECF No. 10-13). Thereafter, Godwin's federal petition primarily asserted errors in the state Supreme Court's procedural handling of his 2012 petition.

Specifically, Claim 1 asserts that Godwin is being detained in violation of due process and his right to counsel, in part as a result of the state court's procedural handling of his habeas petition. (ECF No. 1-4 at 5). The final two claims, Claims 2 and 3, are explicitly addressed to the state court's habeas handling of his 2012 proceedings. Claim 2 asserts Godwin was denied due process "in the state court habeas proceedings" when the state court considered evidence in violation of its rules. (ECF No. 1-4 at 13), and Claim 3 asserts that the Supreme Court "arbitrarily and capriciously" ruled in favor of the Government by considering the Government's filings.

Although Godwin attempts to link these claims to federal due process violations, his arguments supporting them are limited to analysis of the Supreme Court's procedural handling of his state habeas petition. Ordinarily, "it is not the province of the federal habeas court to re-examine state-court determinations on state-law questions." Estelle v. Maguire, 502 U.S. 62, 67-68 (1991); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999). Thus, when a petitioner's claim rests solely on interpretation of state law and statutes, it is not cognizable on federal habeas

4

review. Weeks 176 F.3d at 262. Specifically, claims of procedural error in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief. Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988); Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008) ("even where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." ).

Claims 2 and 3 of Godwin's federal petition both relate exclusively to alleged errors in the Virginia Supreme Court's procedural handling of his state habeas petition. Specifically, Grounds 2 and 3 both assert that the Supreme Court of Virginia erred by considering Respondent's Motion to Dismiss Godwin's state habeas filing. Godwin had moved to strike the pleading as a result of a service error, and also objected to the Court "considering evidence proffered with the motion." These two alleged procedural errors do not raise any defect in the underlying convictions for which Godwin is presently incarcerated. Accordingly, they provide no basis for federal habeas relief and should be dismissed.

With regard to Claim 1, Godwin also appears to complain primarily that the Virginia Supreme Court denied him due process by denying his habeas petition, but he alleges no specific error in support of Claim 1, other than those addressed in Claims 2 and 3. To the extent Claim 1 also asserts an error in state habeas proceedings, it is likewise not cognizable.

C.  **To the extent Godwin's petition asserts federally cognizable claims, they are procedurally defaulted.**

Although not denominated as a separate ground for relief, Godwin has tried to present matters underlying his 2012 state petition here. Within his Claim 1 Godwin also reasserts claims

5

(a) – (f) which present the habeas claims asserted in his 2012 state petition. In summary, they allege:

(a)  The Chesapeake Circuit Court lacked jurisdiction to prosecute and sentence Godwin because there are no records of his arrest or prosecution.

(b)  The Chesapeake Circuit Court had no authority to issue sentencing orders <u>nunc pro tunc</u>.[1]

(c)  Godwin was "denied access to the Judges of the Circuit Court" when a Circuit Court clerk did not place his motion on the docket.

(d)  The Virginia Supreme Court denied him due process by failing to declare his conviction void.

(e) & (f)  Godwin was denied a right to appeal and right to counsel "if in fact the Chesapeake Circuit Court tried and convicted him."

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997); <u>see</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971). In this case, Godwin's claims were presented to the Supreme Court of Virginia. To the extent that Court found any

---

[1] The sentencing orders were entered "4-15-86 Nunc Pro Tunc," and recite that Godwin was convicted June 4, 1985, and his counsel moved the court to set aside the verdicts. The court took the motions under advisement before ruling and entering judgment.

6

cognizable claims, it dismissed them as successive and time barred under the authority of § 8.01-654 of the Code of Virginia.

A federal habeas petitioner's claims are procedurally defaulted "[if] a state court clearly and expressly bases its dismissal on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." Breard, 134 F. 3d at 619 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). A state rule is adequate and independent where it is "regularly or consistently applied by the state court," and "does not rely on a rule of federal constitutional law." Mu'Min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1994) (citing Johnson v. Mississippi, 468 U.S. 578, 587 (1988)). Virginia's statute of limitations and bar on successive petitions contained in Va. Code § 8.01-654(A) and (B) are both adequate and independent state law grounds. Sparrow v. Dir, Dep't of Corr., 439 F. Supp. 2d 584, 587-88. (E.D. Va. 2006) (citing Baker v. Corcoron, 220 F.3d 276, 288 (4th Cir. 2000)).

A petitioner may overcome a procedural default by showing "cause and prejudice" or by establishing that his confinement constitutes "a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977). A procedural default is excusable under the cause and prejudice standard when the petitioner demonstrates (1) "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and (2) that "errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." Wolfe v. Johnson, 565 F.3d 140, 158 n.27 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986); United States v. Frady, 456 U.S. 152, 170 (1982)). A proper showing of "actual innocence" is sufficient to satisfy the "miscarriage of justice" requirement. See House v. Bell, 547 U.S. 518, 536-37 (2006).

In this case, Godwin has alleged no facts sufficient to excuse his procedural default, nor has the Court's own review of the record disclosed any such fact. Accordingly, to the extinct Godwin alleges any claim cognizable on federal habeas relief, the claim is procedurally defaulted and should be dismissed.

## II. RECOMMENDATION

For the foregoing reasons the undersigned recommends that Petitioner's Motion to Appoint Counsel (ECF No. 3) be DENIED, Petitioner's Motion to Amend the Petition (ECF No. 18) be GRANTED and that Respondent's Motion to Dismiss be GRANTED, and Godwin's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED with prejudice.

## III. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985);

Carr v. Hutto, 737 F.2d 433 (4th Cir.1984); United States v. Schronce, 727 F.2d 91 (4th Cir.1984).

    The Clerk shall mail a copy of this Order to the Petitioner and to counsel of record for the Respondent.

                                            /s/
                                 Douglas E. Miller
                               United States Magistrate Judge

                               DOUGLAS E. MILLER
                               UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

March 13, 2014

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Keith Earl Godwin, #1090811
Deerfield Correctional Center
21360 Deerfield Drive
Capron, VA 23829

John Watkins Blanton
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

March 13, 2014